**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

ALLSTATE INDEMNITY COMPANY,

    Plaintiff,

    v.

DENNIS J. CORONITI,

    Defendant.

CIVIL ACTION NO. 3:04-CV-0808

(JUDGE CAPUTO)

## MEMORANDUM

Before me is Plaintiff's Motion in Limine to Preclude a Jury Trial. (Doc. 75.) Because the issue remaining is one of the availability of equitable estoppel, the motion will be granted.

## DISCUSSION

The Seventh Amendment to the United States Constitution provides: "In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." In *Dairy Queen, Inc. v. Wood*, 369 U.S. 469 (1962), the Supreme Court essentially held that unless the legal claim is "purely equitable", the legal nature of the claim governs, and there is a right to a jury trial. *Id.* at 479. The Defendants urge the inverted law suit theory where the action is brought by one who would have been a defendant at common law. *See In re G-I Holdings, Inc. v. Bennett*, 380 F.Supp. 469, 473 (D.N.J. 2005). In such cases, often times declaratory judgment actions, a jury trial would be available. *Id.*

Here, the Defendant has asserted that he is entitled to the protection of the doctrine of equitable estoppel, i.e., the Plaintiff insurer is equitably estopped from denying liability.

*See Wasilko v. Home Mut. Cas. Co.*, 232 A.2d 60, 63 (Pa. Super. Ct. 1967)  The doctrine of equitable estoppel consists of the following elements: (1) an inducement by act, representation, or silence when one ought to speak that causes one to believe the existence of certain facts; (2) justifiable reliance on that inducement; and (3) prejudice to the one who relies if the inducer is permitted to deny the existence of such facts. *Chemical Bank v. Dippolito*, 897 F.Supp. 221, 224 (E.D. Pa. 1995) (citations omitted).

In the instant case, on summary judgment motion, the Defendant submitted evidence that Defendant's counsel sent correspondence to Plaintiff demanding $400,000.00 in UIM benefits within 30 days.  In response, Plaintiff acknowledged the $400,000.00 demand and stated that because its investigation was ongoing, it was not able to make a settlement offer. As a result, I found that because the Plaintiff failed to correct the Defendants erroneous interpretation of the policy's UIM coverage, there was a genuine issue of material fact as to whether such conduct: (1) constituted a misrepresentation of pertinent benefits and coverages in 31 Pa. Code § 146.4(a); and (2) induced the Defendant to believe he was entitled to $400,000.00 in stacked UIM coverage.  I also found there was a genuine issue of material fact as to whether Defendant was justified in relying on Plaintiff's silence on the amount of coverage in light of Plaintiff's position as an insurer. (Doc. 53 at 16-17.)  Lastly I found there was a genuine issue of material fact on the element of prejudice.  Defendant presented evidence of the expenditure of expert fees.  Plaintiff presented evidence Defendant was pursuing a third party for recovery regarding the accident. (Doc. 53 at 17.)

Therefore, since the only issue for resolution in the instant case is whether the Defendant is entitled to an affirmative defense of estoppel, a matter of equity, there is no right to a jury trial.  *See Dewey Elec. Corp. v. Montage, Inc.*, 117 F.R.D. 73, 74-75 (M.D. Pa.

1987).  Furthermore, this is not a case where both parties have consented to a jury trial, hence, Plaintiff's Motion in Limine to Preclude a Jury Trial (Doc. 75) will be granted.  *See id.*

An appropriate order follows.


Date: <u>December 28, 2005</u>                     /s/ A. Richard Caputo
                                                          A. Richard Caputo
                                                          United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ALLSTATE INDEMNITY COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>DENNIS J. CORONITI,<br><br>    Defendant. | CIVIL ACTION NO. 3:04-CV-0808<br><br>(JUDGE CAPUTO) |

## **ORDER**

NOW, this 28th day of December, 2005, IT IS HEREBY ORDERED that Plaintiff's Motion in Limine to Preclude a Jury Trial (Doc. 75) is **GRANTED**.

                                        /s/ A. Richard Caputo
                                        A. Richard Caputo
                                        United States District Judge